IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 06-0121 |
| | ) | Electronically Filed |
| AARON MICHAEL JONES | ) | |

### ORDER OF COURT DENYING PETITIONER'S MOTIONS SEEKING TO VACATE OR MODIFY JUDGMENT OF SENTENCE FOR VIOLATION OF CONDITIONS OF SUPERVISED RELEASE AND FOR APPOINTMENT OF COUNSEL (DOCS. NO. 33, 35, 36, 39)

Pending before the Court are four *pro se* motions by defendant Aaron Michael Jones seeking relief from this Court's May 8, 2008 Judgment of Sentence (doc. no. 29) following a finding that he violated several conditions of his supervised release. The Court will deny his motions as without merit.

On August 3, 2006, this Court sentenced petitioner to a term of imprisonment of time served and a four year term of supervised release, subject to standard and special conditions of supervision, based upon his guilty plea to an indictment charging him with four counts of theft of government property and one count of bank fraud. Judgment and Commitment Order (doc. no. 13). On October 17 and 23, 2007, respectively, the United States Probation Office filed a petition and a supplemental petition on supervised release alleging that petitioner had violated the conditions of supervised release in several ways, including commissions of crimes in New Mexico (forgery) and Florida (altering and passing bad checks), failure to pay his special assessment and restitution, failure to report to the Probation Office within 72 hours of being released from custody, failure to remain within the judicial district, failure to report to the probation officer as instructed and submit monthly supervision reports, and failure to

follow the instructions of his probation officer.

A warrant was issued for petitioner's return to this district, and on May 8, 2008, at a counseled hearing, petitioner admitted the technical violations alleged by the Probation Office, although he did not admit the alleged criminal conduct. Based on his admissions of several technical violations, this Court found that he had violated the conditions of his supervised release and, therefore, sentenced defendant to a term of imprisonment of 12 months to be followed by a term of supervised release of four years. This sentence is within the guidelines range (6 to 12 months imprisonment) based upon Grade C violations, such as the technical violations he admitted committing. U.S.S.G. § 7B1.4(a).

On June 13, 2008, petitioner filed a *pro se* motion for "relief or suspension of sentence" (doc. no. 33), followed by a motion to amend or correct his initial petition (doc. no. 35), a motion to vacate pursuant to 28 U.S.C. § 2255 (doc. no. 36), and a motion for appointment of counsel to represent him in his section 2255 proceeding (doc. no. 39).

The Court is required to conduct a preliminary review of a motion to vacate a sentence under section 2255, pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings. Rule 4(b) states, in pertinent part:

> If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response, within a fixed time, or to take such other action the judge may order.

Rule 4(b) of the Rules Governing Section 2255 Proceedings.

Rule 5(a) further provides that the "respondent is not required to answer the motion unless a judge so orders." Rule 5(a) of the Rules Governing Section 2255 Proceedings. This Court has not directed the government to respond to defendant's motion to vacate.

This Court's review of petitioner's several motions and the record of the prior revocation proceedings plainly shows that he is not entitled to relief or to counsel. Petitioner's motions complain about alleged unprofessional behavior of a Probation Officer in Florida and challenge his Florida convictions on constitutional grounds. Because this Court's determination that petitioner violated several conditions of supervised release was based *solely* on petitioner's counseled admissions, and not on his commission of any criminal offenses, the matters of which petitioner complains in his motions plainly do not entitle him to any relief.[1] Accordingly,

**AND NOW, this 25th day of July, 2008**, for the foregoing reasons, petitioner's motions to vacate, correct or suspend his sentence and to appoint counsel to represent him in his section 2255 proceeding (docs. no. 33, 35, 36 and 39) are **DENIED**.

SO ORDERED

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All counsel of record
    Aaron Michael Jones, *Pro Se*

---

[1] Petitioner is aware of United States v. Miller, 197 F.3d 644 (3d Cir. 1999), and has elected to proceed with his motions to modify or vacate sentence, as amended. See "Amended Written Petition" (doc. no. 35).