IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Criminal No. 06-121** |
| | ) | **Electronically Filed** |
| **AARON MICHAEL JONES** | ) | |
| Defendant. | | |

## MEMORANDUM ORDER OF COURT RE: PRO SE DEFENDANT'S "NUNC PRO TUNC PRO SE" PETITION FOR RELIEF (DOC. NO. 93)

On July 1, 2010, this Court sentenced Aaron Michael Jones ("Jones") to 24 months imprisonment, finding that he had violated conditions of his supervised release. Doc. No. 70. The Court's finding was based upon various infractions in Jones' terms of supervision, including tampering with an electronic monitoring transmitter and violations of state laws. Doc. Nos. 56 and 59.

Presently before this Court is a *pro se* Motion filed by Jones in which he moves this Court to: (1) advise him of the best course of action to take to challenge the computation of his release date from the state correctional institution, which is presumably affected by the interplay between his state court and federal sentences; (2) appoint counsel to represent him in challenging this calculation; and (3) provide him with a copy of his judgment and commitment orders. Doc. No. 93.

The calculation of time served is vested with the penal institutions (Pennsylvania Department of Corrections or Federal Bureau of Prisons) and inmates must exhaust their administrative remedies through internal grievance processes before petitioning a Court for relief. The Court notes that Jones has attached a recent letter from the Director of the Commonwealth of Pennsylvania's Board of Probation and Parole in response to his letter

"concerning your maximum sentence date," in which Jones is informed of the following vehicle to challenge the computation of his sentence:

> You will not have reached your maximum sentence until December 28, 2015. You may want to contact the sentencing judge, president judge, or clerk of courts for the county in which your conviction occurred concerning sentencing calculations and to have those calculations reviewed with you.
>
> You may, if you feel the calculation of time is incorrect, file a grievance with the Department of Corrections Centralized Records and Computation Unit 1920 Technology Parkway Mechanicsburg, PA 17050, telephone (717) 728-2086. That unit is responsible for sentence computation for all inmates.

Doc. No. 93-1. As noted by the Director, the above is the appropriate mechanism to pursue this issue.

Further, redress is available through a petition to the sentencing court and a petition for review in the appropriate Court of the Commonwealth of Pennsylvania would allow for redress of any administrative decisions from the Pennsylvania Department of Corrections. *See McCray v. Pennsylvania Department of Corrections*, 872 A.2d 1127, 1130-31 (Pa. 2005). A petition for writ of habeas corpus, filed in the district wherein the person is in custody, accords a mechanism for relief from decisions of the Federal Bureau of Prisons. 28 U.S.C. § 2241. The Court denies Jones' request for counsel.

As to Jones' request for documents, as the Court previously informed Defendant in its February 7, 2012, May 30, 2012, and June 11, 2012 Memorandum Orders, Defendant is again instructed that he must address any requests for documents to the Clerk of Court, United States District Court for the Western District of Pennsylvania, 700 Grant St., Pittsburgh, PA 15219. Copies of the docket and any documents are ten cents per page. Checks should be addressed to Clerk, U.S. District Court.

Accordingly, the following Order is entered:

AND NOW, this 28th day of August, 2015, IT IS HEREBY ORDERED THAT pro se Defendant's "'Nunc Pro Tunc Pro Se' Petition for Relief" (Doc. No. 93) is **DENIED**.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties

     Mr. Aaron Michael Jones
     KJ2096
     SCI Mercer
     801 Butler Pike
     Mercer, PA 16137